IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF AMERICA

v.

ALBERT VERNON NORTON,

Defendant.

CRIMINAL ACTION FILE
NO. 4:10-CR-5-RLV-WEJ

## **REPORT AND RECOMMENDATION**

This matter has been referred to the undersigned for a recommendation concerning restitution. As discussed below, because neither Carol Hepburn, counsel of the known child victim, ("Vicky"), nor the Government has requested restitution or submitted any evidence regarding damages incurred by as a result of the actions of defendant, Albert Vernon Norton, the undersigned **RECOMMENDS** that no restitution be imposed.

## **I.    BACKGROUND**

On February 23, 2010, a federal grand jury sitting in the Northern District of Georgia returned a two-count indictment [8] against defendant. Count One of the indictment charged that defendant knowingly received one or more visual depictions

of minors engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2), said depictions having been (a) produced using minors engaging in sexually explicit conduct, and (b) shipped and transported in interstate and foreign commerce, by any means, including by computer, all in violation of 18 U.S.C. §§ 2252(a)(2) and (b). Count Two charged that defendant knowingly possessed a computer that contained one or more visual depictions of minors engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2), said depictions having been (a) produced using minors engaging in sexually explicit conduct, and (b) shipped and transported in interstate and foreign commerce, by any means, including by computer, all in violation of 18 U.S.C. § 2252 (a)(4)(B).

Defendant elected to plead guilty to Count One on January 24, 2011 [64]. At his June 9, 2011 sentencing hearing (discussed in the minute sheet [80]), the Honorable Robert L. Vining, Senior United States District Judge, sentenced defendant to 264 months of imprisonment, followed by supervised release for the rest of his natural life, and a special assessment of $100. (See J&C [81], filed June 10, 2011.) The minute sheet stated as follows: "The issue of restitution will be referred to Magistrate Judge Walter E. Johnson for determination." At that hearing, the Assistant United States Attorney, Jill Steinberg, Esq., informed the Court that

AO 72A
(Rev.8/82)

Ms. Hepburn, who has filed restitution requests in a number of these cases around the country and in this Court, did not do so in this case. (See Sentencing Tr. [88] 10-11.) Given Ms. Hepburn's failure to file such a request in this case, Ms. Steinberg informed that Court that the Government had elected not to make a restitution request. (Id.)

Shortly after Judge Vining's referral, the undersigned's chambers contacted the AUSA, who reported again that the Government was not seeking restitution; accordingly, the undersigned did not hold a hearing or issue a report and recommendation. On January 9, 2012, however, counsel for Mr. Norton sent an email to the undersigned's chambers asking whether a report and recommendation would be issued addressing restitution. In response to that email, the undersigned issues this report and recommendation.[1]

---

[1] Under 18 U.S.C. § 3664(d)(5), a court must determine a claimant's losses and impose restitution within ninety days of a defendant's original sentencing. The ninety-day restitution period has expired here. However, under Dolan v. United States, 130 S. Ct. 2533, 2539 (2010), the fact that a sentencing court misses the statute's ninety-day deadline, even through its own fault or that of the Government, does not deprive the court of the power to order restitution. See also United States v. Monzel, 746 F. Supp. 2d 76, 82 (D.D.C. 2010) ("Dolan thus clearly held that the time limitations in § 3664(d)(5) do not deprive district courts of the power to order restitution.").

3

AO 72A
(Rev.8/82)

## II. **DISCUSSION**

Under the Mandatory Restitution for Sex Crimes portion of the Violence Against Women Act of 1994, 18 U.S.C. § 2259, the Court must order restitution for child pornography offenses. 18 U.S.C. § 2259(a). The Court must order this restitution, "[n]otwithstanding section 3663 or 3663A, and in addition to any other civil or criminal penalty authorized by law." Id. Section 2259(b) provides:

> (1) **Directions**.–The order of restitution under this section shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses as determined by the court pursuant to paragraph (2).
>
> (2) **Enforcement**.–An order of restitution under this section shall be issued and enforced in accordance with section 3664 in the same manner as an order under section 3663A.
>
> (3) **Definition**–For purposes of this subsection, the term "full amount of the victim's losses" includes any costs incurred by the victim for–
>
> > (A) medical services relating to physical, psychiatric, or psychological care;
> >
> > (B) physical and occupational therapy or rehabilitation;
> >
> > (C) necessary transportation, temporary housing, and child care expenses;
> >
> > (D) lost income;

4

   (E) attorneys' fees, as well as other costs incurred;

   (F) any other losses suffered by the victim as a proximate result of the offense.

  (4) **Order mandatory**–

   (A) The issuance of a restitution order under this section is mandatory.

   (B) A court may not decline to issue an order under this section because of–

    (i) the economic circumstances of the defendant; or

    (ii) the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source.

18 U.S.C. § 2259(b). The statute defines a victim as an "individual harmed as a result of the commission of a crime under this chapter." Id. § 2559(c). The Government bears the burden of proving the amount of a victim's losses by a preponderance of the evidence, and a court must resolve any disputes as to the proper amount or type of restitution, using the same preponderance of the evidence standard. 18 U.S.C. § 3664(e).

  This Court has previously determined that Vicky qualifies as a "victim" for purposes of § 2259 and has ordered defendants to pay restitution to her. See United

5

States v. McDaniel, No 4:08-CR-26-HLM (N.D. Ga. Hr'g of Dec. 22, 2009) (awarding restitution of $12,740), aff'd, 631 F.3d 1204 (11th Cir. 2011); and United States v. Brannon, No 4:09-CR-38-RLV (N.D. Ga., Order of July 19, 2011) (awarding restitution of $3,500).

However, Vicky's counsel, who has filed restitution requests in cases across the country (including cases filed in this Court), failed to make a restitution request against Mr. Norton. Given that failure, the AUSA did not request restitution. Although the governing statute requires a court to impose restitution in this type of case, no evidence has been presented which would allow the undersigned to assess the damage to Vicky from Mr. Norton's conduct and make an informed recommendation. Given that the burden is upon the Government to prove the amount of the victim's losses by a preponderance of the evidence, the lack of any evidence means that this Court must decline to recommend the imposition of any restitution upon Mr. Norton.

AO 72A
(Rev.8/82)

### III. CONCLUSION

The undersigned **REPORTS** that no request for restitution has been made in this case and no evidence of the damages to Vicky presented; accordingly, the undersigned **RECOMMENDS** that no restitution be imposed on defendant.

**SO RECOMMENDED**, this 22nd day of February, 2012.

*Walter E. Johnson*
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALBERT VERNON NORTON,<br><br>Defendant. | CRIMINAL ACTION FILE<br>NO. 4:10-CR-5-RLV-WEJ |

**ORDER FOR SERVICE OF**
**<u>NON-FINAL REPORT AND RECOMMENDATION</u>**

Let this Non-Final Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B) and the Court's Local Criminal Rule 58.1(A)(3)(a), be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Non-Final Report and Recommendation within fourteen days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections

will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. Failure to object to this Non-Final Report and Recommendation waives a party's right to review. Fed. R. Crim. P. 58(b)(2).

The Clerk is directed to submit the Non-Final Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED**, this 22nd day of February, 2011.

/s/ Walter E. Johnson
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)